**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**Martinsburg**

**DONALD R. BURGESS** and
**PATRICIA E. BURGESS**,

        Petitioners,

v.    Civil Action No. 3:11-CV-109
     Judge Bailey

**CORPORATION OF
SHEPHERDSTOWN**, a
municipal corporation,
**JIM AUXER**, Mayor, in his
individual and official capacity,
and **JOHN DOE I-X**,

        Respondents.

## ORDER GRANTING MOTION TO REMAND AND STAY

Pending before this Court is petitioners' Motion to Remand, filed January 4, 2012 (Doc. 5). The Motion has been fully briefed and is ripe for decision. In the Motion, the petitioners seek to have this action remanded to state court, or, in the alternative, the state law claims remanded and the remaining claims stayed. For the reasons hereinafter stated, the Motion will be granted.

This action was filed in the Circuit Court of Jefferson County, West Virginia, on November 7, 2011. The action seeks various forms of relief for alleged improper enactment and enforcement of the building code of the Corporation of Shepherdstown. The petition contains seven counts, as follows: Count I seeks a writ of mandamus compelling the respondents to allow the petitioners to complete renovations on property

1

within the corporate boundary, to remove a section from the Codified Ordinances, and compelling the Corporation of Shepherdstown to revoke any authority to administer a section of the building code.  Count II seeks a writ of mandamus compelling the issuance of a building permit.  Count III seeks a writ of mandamus compelling the Corporation of Shepherdstown to issue written confirmation that the subject property is exempt from the business license requirement.  Count IV seeks a writ of mandamus compelling issuance of a business license.  Count V seeks a writ of prohibition prohibiting the Corporation of Shepherdstown from enforcing the zoning ordinance on the basis that the same was improperly adopted.  Count VI seeks an injunction and a writ of mandamus requiring the Corporation of Shepherdstown to prohibit the destruction or deletion of e-mails, require disclosure of certain e-mails, and require compliance with a state law freedom of information act request.  Count VII contains a claim under 42 U.S.C. § 1983, and is the only claim for which a jury trial is demanded.

Based upon the inclusion of a claim under § 1983, on December 14, 2011, the respondents removed the case to this Court (Doc. 1).  The petitioners now move to remand on the basis that the § 1983 claim is "wholly dependent" on a finding in their favor on the state law counts, that this Court should exercise its discretion and remand the state law claims under 28 U.S.C. § 1367(c), and should abstain under ***Burford v. Sun Oil Co.***, 319 U.S. 315 (1943).

28 U.S.C. § 1367(c) provides:

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Section 1367 was enacted in 1990 to codify the holding in **United Mine Workers v. Gibbs**, 383 U.S. 715 (1966). In **Gibbs**, the Supreme Court stated:

> It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them, **Erie R. Co. v. Tompkins**, 304 U.S. 64. Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. . . . [I]f it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals.

383 U.S. at 726-727.

A review of the pleadings demonstrates that the state law issues clearly predominate

over the federal § 1983 claim, which is wholly dependent upon a favorable ruling on the state law claims. Unlike the claim in **McNeese v. Bd. of Ed. for Community Unit Sch. Dist. 187**, 373 U.S. 668, 678 (1964), the federal claim in this case is "entangled in a skein of state law that must be untangled before the federal case can proceed."

In discussing its own cases that involve state or local zoning or land use laws, the Fourth Circuit, in an *en banc* decision, stated that "[v]irtually all of these cases, when stripped of the cloak of their federal constitutional claims, are state law cases. The federal claims are really state law claims because it is either the zoning or land use decisions, decisional processes, or laws that are the bases for the plaintiffs' federal claims." **Pomponio v. Fauquier Cty. Bd. of Sup'rs**, 21 F.3d 1319, 1326 (4th Cir.)(en banc), *cert. denied,* 513 U.S. 870 (1994), *overruled on other grounds,* **Quackenbush v. Allstate Ins. Co.**, 517 U.S. 706 (1996).

"In determining whether a state claim predominates ... the district court, when exercising its discretion, is invoking the abstention doctrine and must address federalism concerns about avoiding federal overreaching into highly specialized state enforcement or remedial schemes. See **Burford v. Sun Oil Co.**, 319 U.S. 315, 326-34 (1943)." **White v. County of Newberry,** 985 F.2d 168, 172 (4th Cir. 1993).

In **Pomponio**, the Fourth Circuit found these cases to be particularly amenable to abstention under **Burford** ("We also have reiterated that state and local zoning and land use law is particularly the province of the State and that federal courts should be wary of intervening in that area in the ordinary case.").

A federal court has discretion to abstain from exercising its jurisdiction in order to

show deference to important state interests. ***Burford***. Specifically, the doctrine of ***Burford*** abstention allows a federal court to refrain from interfering with complex state regulatory schemes where state-court review is available if a case "[1] presents difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result then at bar, or [2] if its adjudication in a federal forum would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." ***Quackenbush***, 517 U.S. at 726-27 (quoting ***New Orleans Pub. Serv., Inc. v. Council of New Orleans***, 491 U.S. at 361). Cases involving questions of state land use and zoning law are "classic example[s] of situations where ***Burford*** should apply," and "federal courts should not leave their indelible print on local and state land use and zoning laws by entertaining these cases and . . . sitting as a zoning board of appeals." ***MLC Automotive, LLC v. Town of S. Pines***, 532 F.3d 269, 282-83 (4th Cir. 2008) (quoting ***Pomponio***) (internal quotations omitted)). The Fourth Circuit has held that:

> [I]n cases in which plaintiffs' federal claims stem solely from construction of state and local land use or zoning law, not involving constitutional validity of the same and absent exceptional circumstances . . . the district courts should abstain under the ***Burford*** doctrine to avoid interference with a State's or locality's land use policy.

*Id*. (quoting ***Pomponio***, 21 F.3d at 1328). There is no specific formula for applying ***Burford*** abstention; despite the doctrine's "many different forks and prongs, [its] central idea has always been one of simple comity." ***MLC Automotive***, 532 F.3d at 280 (quoting ***Johnson v. Collins Entm't Co.***, 199 F.3d 710, 710 (4th Cir.1999)).

Although abstention under ***Burford*** is "almost never appropriate when a case involves the presence of a genuine and independent federal claim," ***Fourth Quarter Props.***

5

*IV, Inc. v. City of Concord*, 127 Fed.App'x 648, 654 (4th Cir. 2005) (quoting *Pomponio*, 21 F.3d at 1324), *Burford* abstention *is* appropriate when a Plaintiffs' constitutional claims are, at their core, issues of "state law in federal law clothing." *MLC Automotive*, 532 F.3d at 282 (quoting *Johnson*, 199 F.3d at 721 (4th Cir. 1999) (cataloging cases)).

This Court finds it appropriate to remand the state claims in this case, both under 28 U.S.C. § 1367 and *Burford*. Accordingly, Counts I though VI of the petition are **REMANDED** to the Circuit Court of Jefferson County, West Virginia. Petitioners' claim under 42 U.S.C. § 1983 (Count VII) is hereby **STAYED** pending resolution of petitioners' other causes in state court.

It is so **ORDERED**.

The Clerk of the Court is directed to provide a copy of this Order to all counsel of record herein and to the Clerk of the Circuit Court of Jefferson County, West Virginia.

**DATED**: February 28, 2012.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE