IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

DONALD R. BURGESS and
PATRICIA E. BURGESS,

        Petitioners,

v.                                    CIVIL ACTION NO. 3:11-CV-109
                                        (JUDGE GROH)

CORPORATION OF
SHEPHERDSTOWN, a municipal
corporation; JIM AUXER; Mayor,
in both his individual and official
capacities; and JOHN DOE I-X,

        Respondents.

## ORDER DISMISSING CASE

Pending before this Court is the Respondents' Motion to Dismiss [Doc. 13], filed October 2, 2012. This motion has been fully briefed and is ripe for adjudication. Having reviewed and considered the arguments of the parties, the Court concludes that the Respondents' Motion must be **GRANTED**, and that this case must be **DISMISSED**.

## BACKGROUND

This action was filed in the Circuit Court of Jefferson County, West Virginia, on November 7, 2011. The action seeks various forms of relief for alleged improper enactment and enforcement of the building code of the Corporation of Shepherdstown. The petition contains seven counts. Count I seeks a writ of mandamus compelling the Respondents to permit the Petitioners to complete renovations on property within the corporate boundary, to remove a section from the Codified Ordinances, and to revoke any authority to administer a section of the building code. Count II seeks a writ of mandamus

compelling the issuance of a building permit. Count III seeks a writ of mandamus compelling the Corporation of Shepherdstown to issue written confirmation that the subject property is exempt from the business license requirement. Count IV seeks a writ of mandamus compelling issuance of a business license. Count V seeks a writ of prohibition prohibiting the Corporation of Shepherdstown from enforcing the zoning ordinance on the basis that the same was improperly adopted. Count VI seeks an injunction and a writ of mandamus requiring the Corporation of Shepherdstown to prohibit the destruction or deletion of e-mails, require disclosure of certain e-mails, and require compliance with a state law freedom of information act request. Count VII contains a claim under 42 U.S.C. §1983, and is the only claim for which a jury trial is demanded.

Based upon the inclusion of the §1983 claim, the Respondents removed the case to this Court on December 14, 2011 [Doc. 1]. On February 28, 2012, this Court, invoking the doctrine of **Burford** abstention, remanded Counts I - VI to the Circuit Court of Jefferson County, West Virginia [Doc. 10]. *See* **Burford v. Sun Oil Co.**, 319 U.S. 315 (1943). Specifically, this Court found that state law issues clearly predominate over the §1983 claim, which is wholly dependent upon a favorable ruling on the state law claims. *See* Doc. 10 at 4.

In accordance with this Court's Order, the Circuit Court of Jefferson County, West Virginia conducted an evidentiary hearing on the Petitioners' state claims on June 15, 2012, and June 22, 2012. At the close of evidence and argument, the Circuit Court denied the relief requested and dismissed, with prejudice, Counts I - IV of the Petition. On August 9, 2012, the Petitioners filed a motion for a new trial, which was denied by the Circuit Court

on September 18, 2012.

The Respondents now move to dismiss the remaining §1983 claim.

## DISCUSSION

**I.   Jurisdiction**

This matter was removed to this Court on the basis of the Petitioners' claim under 42 U.S.C. §1983, which unquestionably "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331.

Generally speaking, "federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." **Quackenbush v. Allstate Ins. Co.**, 517 U.S. 706, 716 (1996). However, "federal courts may decline to exercise their jurisdiction . . . where denying a federal forum would clearly serve an important countervailing interest," such as where abstention is warranted by consideration of "proper constitutional adjudication," "regard for federal-state relations," or "wise judicial administration." **Id.** (citing **Colorado River Water Conservation Dist. v. United States**, 424 U.S. 800, 813 (1976)).

Pursuant to the doctrine of **Burford** abstention, a federal district court may, in its discretion, decline to exercise its jurisdiction in certain circumstances if abstention is necessary to show proper regard for a state government's domestic policy. See **Burford v. Sun Oil Co.**, 319 U.S. 315 (1943); **Alabama Public Service Commission v. Southern Railway Co.**, 341 U.S. 341 (1951). Pursuant to the **Burford** doctrine, in cases where the relief being sought is equitable in nature or otherwise discretionary, federal courts not only have the power to stay the action based on abstention principles, but can also, in otherwise appropriate circumstances, decline to exercise jurisdiction altogether by either dismissing

the suit or remanding it to state court. *Quackenbush*, 517 U.S. at 721. By contrast, actions for damages may be stayed, but may not be dismissed outright. *Id.*

State and local zoning and land use law is particularly the province of the State, and for that reason, federal courts should be wary of intervening in that area in the ordinary case. *Pomponio v. Fauquier County Board of Supervisors*, 21 F.3d 1319, 1327 (4th Cir. 1994) (en banc), *overruled in part on other grounds by* *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 728-31 (1996). Therefore, "absent unusual circumstances, a district court should abstain under the *Burford* doctrine from exercising its jurisdiction in cases arising solely out of state or local zoning and land use law, despite attempts to disguise the issues as federal claims." *Id.* See also *MLC Automotive, LLC v. Town of Southern Pines*, 532 F.3d 269, 282-83 (4th Cir. 2008) ("'in cases in which plaintiffs' federal claims stem solely from construction of state or local zoning law, not involving the constitutional validity of the same and absent exceptional circumstances . . . the district courts should abstain under the *Burford* doctrine to avoid interference with the State's or locality's land use policy' . . . we have consistently found *Burford* abstention appropriate when the claim is really 'state law in federal law clothing.'") (citing *Pomponio, supra,* at 1328; *Johnson v. Collins Entertainment Co.*, 199 F.3d 710, 721 (4th Cir. 1999)).

II. Analysis

The Respondents argue that now that the state court has dismissed Counts I - VI of the Petition, the Petitioners' remaining §1983 claim should be dismissed, as well, inasmuch as it was wholly dependent upon a favorable ruling on the state law claims for its viability. The Respondents assert that principles of collateral estoppel prohibit

relitigating issues which were raised and litigated in the state court proceeding, warranting dismissal of the Petitioners' §1983 claim.

The Petitioners argue, first, that collateral estoppel is not applicable to this case because the Petitioners have not filed a new case after receiving a judgment in a prior case, which is the procedural situation to which preclusion rules would apply. The Court finds this argument unpersuasive. The Petitioners' §1983 claim is completely premised on the Petitioners' six state law claims. In Count VII of their Petition, the Petitioners allege that "[p]ursuant to the Fifth and Fourteenth Amendments to the Constitution of the United States, the Petitioners are entitled to due process before they can be deprived of their . . . property interests, which due process they have been denied." However, the extent of the Petitioners' property interests was determined by the state court, which dismissed the Petitioners' claims. Without a finding in the Petitioners' favor on the issue of property interests, the Petitioners cannot prevail on their federal due process claim. There is simply no way for the Court to decide these matters without relitigating issues already decided by the state court.

"The federal courts have traditionally adhered to the related doctrines of res judicata and collateral estoppel." **Allen v. McCurry**, 449 U.S. 90, 94 (1980). "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." **Id.** (citing **Cromwell v. County of Sac**, 94 U.S. 351, 352 (1876)). "Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first

5

case." *Id.* (citing ***Montana v. United States***, 440 U.S. 147, 153 (1979)). "The federal courts generally have also consistently accorded preclusive effect to issues decided by state courts." *Id.* (citing ***Montana v. United States***, *supra*; ***Angel v. Bullington***, 330 U.S. 183 (1947)). "Thus, res judicata and collateral estoppel not only reduce unnecessary litigation and foster reliance on adjudication, but also promote the comity between state and federal courts that has been recognized as a bulwark of the federal system." *Id.* (citing ***Younger v. Harris***, 401 U.S. 37, 43-45 (1971)).  Moreover, "Congress has specifically required all federal courts to give preclusive effect to state court judgments whenever the courts of the State from which the judgments emerged would do so." *Id.* *See* 28 U.S.C. §1738 ("[J]udicial proceedings [of any court of any State] shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State . . . .").

"[N]othing in the language or legislative history of §1983 proves any congressional intent to deny binding effect to a state-court judgment or decision when the state court, acting within its proper jurisdiction, has given the parties a full and fair opportunity to litigate federal claims, and thereby has shown itself willing and able to protect federal rights." ***Allen***, 449 U.S. at 103-04.  "There is, in short, no reason to believe that Congress intended to provide a person claiming a federal right an unrestricted opportunity to relitigate an issue already decided in state court simply because the issue arose in a state proceeding . . . ." *Id.* at 104.  Therefore, the Court rejects the Petitioners' argument that collateral estoppel does not apply to this case.

The Petitioners next argue, citing ***Jordache Enterprises, Inc. v. National Union***

*Fire Ins. Co. of Pittsburgh, PA*, 513 S.E.2d 692 (W. Va. 1998), and *Strahan v. Rowley*, 2012 WL 1114350 (D. Mass. March 31, 2012), that the Court should continue the stay in this matter pending the outcome of the Petitioners' state court appeal, which is currently pending before the Supreme Court of Appeals of West Virginia.

The Respondents argue that under West Virginia law, the Circuit Court's order is a final order for collateral estoppel purposes, and that the Court may therefore enter judgment now against the Petitioners on their §1983 claim.

In parallel state-federal litigation, "[d]isposition of the federal action, once the state-court adjudication is complete, [is] governed by preclusion law." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 282 (2005). Pursuant to 28 U.S.C. §1738, a federal court must give the same preclusive effect to a state court judgment that another court in that particular state would give it. Hence, this Court must look to the preclusion law of West Virginia in order to determine the preclusive effect of the Circuit Court's judgment.

In *Jordache*, the Supreme Court of Appeals of West Virginia considered what preclusive effect to give to a New York State judgment in West Virginia's courts. Reviewing both West Virginia and New York law on the issue of whether or not a judgment under appeal is final for res judicata or collateral estoppel purposes, the Court observed that "[a]lthough this Court has never expressly held that a judgment pending appeal is not final for res judicata and collateral estoppel purposes, it intimated as much in *Flannagan v. Gregory & Poole, Inc.*, 67 S.E.2d 865 (1951)."[1] The Court did not need to take the West

---

[1] In *Flannagan*, a defendant asserted that plaintiffs were estopped from bringing an action where the plaintiffs had recovered in a first action which was still pending on a writ of error. The Supreme Court of Appeals of West Virginia noted that if the first action was pending

Virginia analysis any further, however, because it was evaluating the preclusive effect of a New York judgment in a West Virginia court, and was thus obligated to determine what the preclusive effect of that New York judgment would be in other New York courts. *Jordache*, 513 S.E.2d at 703.  Applying New York law, the West Virginia high court determined that "[t]he rule in New York, unlike that in other jurisdictions, is that the mere pendency of an appeal does not prevent the use of the challenged judgment as the basis of collaterally estopping a party to that judgment in a second proceeding." *Id.* at 704 (citing *Matter of Amica Mut. Ins. Co.*, 85 A.D.2d 727, 728 (1981)).  *Compare Jordache with Caperton v. A.T. Massey Coal Co., Inc.*, 679 S.E.2d 223, 257 (W. Va. 2008), *reversed on other grounds*, 556 U.S. 868 (2009) (applying Virginia law and determining that pursuant thereto, "a judgment is not final for the purposes of res judicata . . . when it is being appealed or when the time limits fixed for perfecting the appeal have not expired.") (citing *Faison v. Hudson*, 417 S.E.2d 302, 305 (Va. 1992)).  Therefore, the West Virginia Supreme Court's speculation in *Jordache* as to finality of West Virginia judgments for res judicata and collateral estoppel purposes was merely dicta.

In *State ex rel. Richey v. Hill*, 603 S.E.2d 177 (W. Va. 2004), decided six years after *Jordache*, the West Virginia Supreme Court of Appeals held at Syllabus Point 4 that:

> An adjudication by a court having jurisdiction of the subject-matter and the parties is final and conclusive, not only as to the matters actually determined, but as to every other matter which the parties might have litigated as incident thereto and coming within the legitimate purview of the subject-matter of the action.  It is not essential that the matter should have been

---

on a writ of error, "the judgment in the first action has no finality and would not estop plaintiffs." *Flannagan*, 67 S.E.2d at 873.

> formally put in issue in a former suit, but it is sufficient that the *status* of the suit was such that the parties might have had the matter disposed of on its merits. An erroneous ruling of the court will not prevent the matter from being res judicata.

*Richey* at Syl. Pt. 4 (citing Syl. Pt. 1, *Sayre's Adm'r v. Harpold*, 11 S.E. 16 (W. Va. 1890); Syl. Pt. 1, *In re McIntosh's Estate*, 109 S.E.2d 153 (W. Va. 1959); Syl. Pt. 1, *State ex rel. West Virginia Department of Health & Human Resources v. Cline*, 406 S.E.2d 749 (W. Va. 1991)). This holding compels the opposite conclusion from the dicta in *Jordache*: that a West Virginia trial court decision pending appeal is nevertheless a final judgment for res judicata and collateral estoppel purposes.

Such being the case, the Court finds that the Petitioners' remaining §1983 claim must be **DISMISSED** at this time. All of the underlying state law claims on which the Petitioners' §1983 claim is premised have been dismissed with prejudice by a state court having jurisdiction of both the subject matter and the parties.

## CONCLUSION

For the foregoing reasons, the Respondents' Motion to Dismiss **[Doc. 13]** is **GRANTED**. The Petitioners' §1983 claim (Count VII) is hereby **DISMISSED WITH PREJUDICE**. There being nothing further for the Court to consider, this case is hereby **DISMISSED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and/or *pro se* parties.

**DATED:** December 21, 2012

                                                                                      _/s/ Gina M. Groh_
                                                                                      GINA M. GROH
                                                                                      UNITED STATES DISTRICT JUDGE